Atlas Sheet Metal Works, Inc. *vs.* Bradford Campbell.

MARCH 2; 1927.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Account Books.   Explaining Entries.   Contracts.*

The fact that plaintiff entered a charge on its books against another party for work done for defendant, would not preclude plaintiff from explaining why the charge was so made nor prevent it from collecting from defendant if the contract was made with him.

*(2)   Account Books.   Evidence.*

Books of account are inadmissible to show to whom credit was given, when that fact is in issue.

*(3)   Account Books.   Evidence.*

An account book admitted as a declaration against interest may be explained.

*(4)   New Trial.   Newly Discovered Evidence.*

It is not error to refuse a motion for new trial on the ground of newly discovered evidence when all of the facts alleged were within the personal knowledge of defendant before the trial.

*(5)   New Trial.*

Where the bill of particulars disclosed plaintiff's claim and defendant went to trial without requesting a continuance on account of the absence of a witness and during the trial did not ask for a continuance on the ground of surprise, it is too late after verdict to ask for a new trial for the purpose of producing the testimony of such witness.

Assumpsit.   Heard on exceptions of defendant and overruled.

Sweeney, J.   This is an action of the case in assumpsit to recover for labor and materials furnished by plaintiff in

making repairs on an apartment house owned by defendant. After trial in the Superior Court the jury returned a verdict for the plaintiff. Defendant has brought the case to this court by his bill of exceptions.

The exceptions to the denial of the motions for a directed verdict and a new trial on the ground that the verdict is against the evidence will be considered together. At the beginning of the trial it appeared by plaintiff's books that John R. Bickford had been charged for the labor and materials. Defendant said he did not question the amount of the claim, but denied liability therefor on the ground that plaintiff's agent made a contract with Mr. Bickford to do the work for him. Plaintiff's agent testified that the labor and materials were furnished at the personal request of the defendant and upon his promise to pay for the same; but that, at his request, the charge for the same was entered on plaintiff's books against Mr. Bickford. This testimony was directly contradicted by that of the defendant. Defendant also testified that Mr. Bickford had a general contract on the cost plus basis, to do all of the repair work on the apartment house, including that done by the plaintiff; that in company with Mr. Bickford, he called at plaintiff's office and examined its books to verify Mr. Bickford's charge for the work done by plaintiff; that he then paid Mr. Bickford for the work and afterwards learned that Mr. Bickford had not paid plaintiff. Plaintiff's agent and another employee testified that after defendant examined plaintiff's books and conferred with Mr. Bickford, he said he would send them a check in a few days. Defendant denied making such a statement. Mr. Bickford did not testify.

The fact that plaintiff entered a charge on its books against Mr. Bickford for the work done for defendant would not preclude plaintiff from explaining why the charge was so made, nor prevent it from collecting from defendant if the contract was made with him. *McKeen* v. *Prov. County Savings Bank*, 24 R. I. 542. Books of account are inadmissi-

ble to show to whom credit was given, when that fact is in issue. *Churchill* v. *Hebden*, 32 R. I. 34; 22 C. J. 877. If the book is admitted as a declaration against interest it may be explained. 22 C. J. 237. The weight to be given to the testimony of plaintiff's agent explaining why the charge for the work was made against Mr. Bickford instead of defendant as well as his testimony that the contract was in fact made with defendant; the contradiction of this testimony by defendant, and the other facts and circumstances in evidence required the submission of the issues to the jury. The trial justice has approved the verdict. We have carefully considered the testimony and are of the opinion that the trial justice did not err in refusing to direct a verdict, or grant the motion for a new trial on the ground that the verdict was against the weight of the evidence.

Defendant claims that the trial justice should have granted his motion for a new trial in order that he may have an opportunity to produce the testimony of Mr. Bickford. The affidavit of Mr. Bickford filed in support of this motion states that he made the contract for the work with plaintiff's agent; that he owes plaintiff for it, although defendant has paid him. This is not newly discovered evidence as all of these facts were within the personal knowledge of defendant before the trial. The bill of particulars disclosed plaintiff's claim. Defendant proceeded to trial without requesting a continuance on account of the absence of Mr. Bickford. During the trial he did not ask for a continuance on account of being surprised by the testimony produced by plaintiff. Having gone through the trial without objection and taken the chance of a verdict in his favor, it is too late, after an adverse verdict for defendant to ask for a new trial for the purpose of producing the testimony of Mr. Bickford. *Davidson* v. *Wheeler*, 17 R. I. 433; *Riley* v. *Shannon*, 19 R. I. 503; *Mainz* v. *Lederer*, 21 R. I. 370; *Hannan* v. *Caproni*, 71 A. 593.

Both exceptions to the exclusion of testimony have been considered and found to be without merit.

Defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*McKenna & Boudreau,* for plaintiff.

*William J. Brown,* for defendant.